UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE HERTZOG,

        Petitioner,

    v.

MAGGIE MILLER-STOUT,

        Respondent.

Case No. C06-5287 RJB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
SEPTEMBER 29, 2006**

        This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner filed this action under 28 U.S.C. § 2254, challenging his 1999 judgment and sentence. Respondent argues that the petition is time-barred based on 28 U.S.C. § 2244(d). The court agrees that the petition is time-barred and recommends that the petition be **DISMISSED WITH PREJUDICE**.

### I. STATEMENT OF THE CASE

**A.    Basis for Custody**

        Petitioner is confined at the Airway Heights Corrections Center. In 1999, petitioner pled guilty to first-degree child rape and first-degree child molestation. (Dkt. # 14, Exh. 1). On August 30, 1999, the trial court sentenced him to 300 months of confinement. (Id. at 3).

B.     **Procedural History**

On January 24, 2000, petitioner appealed. (Id., Exh. 2). The Court of Appeals affirmed his sentence on October 19, 2000. (Id., Exh. 3). Petitioner did not petition for review.

On September 5, 2002, petitioner appealed to the Court of Appeals the denial of his motion for discovery by the Grays Harbor Superior Court. (Id, Exh. 4). The Court of Appeals dismissed the motion on February 24, 2003. (Id., Exh. 5). Petitioner did not petition that dismissal for review.

On October 18, 2004, petitioner filed his personal restraint petition. (Id., Exh. 6). The Court of Appeals dismissed the petition and imposed sanctions for petitioner's falsification of documents submitted to the court with his personal restraint petition. (Id., Exh. 7). Petitioner petitioned for review. (Id., Exh. 8). The Supreme Court denied review. (Id., Exh. 9). Petitioner moved to modify. (Id., Exh. 10). The Supreme Court denied petitioner's motion to modify on January 10, 2006. (Id., Exh. 11). Petitioner signed his habeas corpus petition on May 3, 2006. (Dkt. # 5).

## II.  ISSUES

Petitioner presents the court with the following grounds for habeas corpus relief:

(1)    State errors in handling their case;
(2)    Ineffective assistance of counsel;
(3)    Conflict of interest by superior court judge; and
(4)    State being allowed to alter/amend their plea offer to add on more charges .

(Dkt. # 5 at 5-6).

## III.  STANDARD OF REVIEW

A federal petition for writ of *habeas corpus* filed on behalf of a person in custody pursuant to a judgment of a state court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

REPORT AND RECOMMENDATION
Page - 2

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

State court judgments carry a presumption of finality and legality. McKenzie v. McCormick, 27 F.3d 1415, 1418 (9th Cir. 1994), cert. denied, 513 U.S. 1118 (1995). Federal habeas corpus relief does not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991). The petitioner must prove the custody violates the Constitution, laws or treaties of the United States. McKenzie, 27 F.3d at 1418-19. If a petitioner establishes a constitutional trial error, the Court must determine if the error caused actual prejudice. Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993).

### IV.  DISCUSSION

**A.    The Habeas Corpus Petition is Untimely Under The Federal Statute Of Limitations, 28 U.S.C. § 2244(D).**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d).  For petitioners whose state court judgments became final prior to April 24, 1996, the one-year time period began running on the date the statute was signed into law and expired on April 23, 1997. Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 (1998). The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. at 1288 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally

REPORT AND RECOMMENDATION
Page - 3

begins to run from one of the following four dates:

    (A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

    ( C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999). A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2). <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

The Washington Court of Appeals affirmed petitioner's sentence on October 19, 2000. Petitioner had thirty (30) days to petition the Washington Supreme Court for review pursuant to Rule 13.5(a) of the Rules of Appellate Procedure, which he did not do. (Dkt. 14, Exh. 3). Thus, the 2244(d)(1) one-year federal habeas statute of limitations ran out on or about November 19, 2001.

REPORT AND RECOMMENDATION
Page - 4

Petitioner filed his second appeal on September 5, 2002 (Id., Exh. 4), which was dismissed on February 24, 2003. (Dkt. # 5). The 2002 appeal and petitioner's personal restraint petition in 2004 (Dkt. # 6) did not toll § 2244(d)(1) one-year statute of limitations because they were filed well after the 2244(d)(1) one-year statute of limitations ran out. *See e.g.,* 28 U.S.C. § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4 (2000); Pace, 125 S.Ct. at 1814.

**B.     Equitable Tolling Is Unavailable**

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso, 278 F.3d at 877 (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000).

There is no evidence in this case of extraordinary circumstances beyond petitioner's control that made it impossible for him to file his petition on time. Therefore, the petition is barred and must be dismissed under 28 U.S.C. § 2244(d).

### VI. CONCLUSION

This petition is time-barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 29, 2006,** as noted in the caption.

Dated this 5th day of September, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge